UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

UNITED STATES OF AMERICA

    - against -

KEAN CHAMBERS

    Defendant

-------------------------------------------------------------------X

**ECF FILING**

12 Cr. 671 (RWS)

## SENTENCING MEMORANDUM

Dated: New York, New York
      December 2, 2013

Helen V. Cantwell
Philip A. Fortino
Derek Wikstrom
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000

Counsel for Defendant Kean Chambers

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel   212 909 6000
Fax  212 909 6836
www.debevoise.com

December 2, 2013

<u>VIA ECF</u>

The Honorable Robert W. Sweet
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**United States v. Chambers, 12 Cr. 671 (RWS)**

Dear Judge Sweet:

      We represent Kean Chambers, who is scheduled to be sentenced by Your Honor on December 9, 2013 at 4:30 p.m. On May 29, 2013, pursuant to a plea agreement with the government, Mr. Chambers entered a plea of guilty before the Honorable Ronald L. Ellis to misprision of felony in violation of 18 U.S.C. § 4. Pursuant to the plea agreement and the United States Sentencing Guidelines (the "Guidelines"), Mr. Chambers' advisory sentencing range is four to ten months. In the Presentence Investigation Report ("PSR"), the Probation Office has recommended a sentence of time served. PSR at p. 16. For the reasons set forth below, the Guidelines and the factors set forth in 18 U.S.C. § 3553(a) support such a sentence. We respectfully submit that the appropriate sentence for Mr. Chambers should be no longer than nine months, the time he has already served in this case.

**I.   A Sentence of Time Served Is Warranted Under 18 U.S.C. § 3553(a)**

      As Your Honor is aware, now that the Guidelines are no longer binding on district courts, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), sentencing courts must consider not only the Guidelines, but also other factors set forth in 18 U.S.C. § 3553(a). *See United States v. Cavera*, 550 F.3d 180, 188-89 (2d Cir. 2008) (en banc). The overriding goal of sentencing, as articulated by Section 3553, is to "impose a sentence sufficient, but not greater than necessary, to comply with" four purposes of sentencing: (1) retribution, (2) general deterrence, (3) specific deterrence, and (4) rehabilitation. 18 U.S.C. § 3553(a). As discussed fully herein, the time Mr. Chambers served prior to his release on bail more than satisfies each of these goals.

The Honorable Robert W. Sweet               2                    December 2, 2013

### A.     Nature and Circumstances of the Offense

Mr. Chambers has accepted full responsibility for the crime for which he is being sentenced.

On August 1, 2012, Mr. Chambers accompanied his cousin, Kaison Gillespie, a co-defendant in this case, to a meeting in the Bronx. Mr. Chambers' attendance at the meeting was the result of happenstance: Mr. Gillespie was Mr. Chambers' ride home that evening, so Mr. Chambers agreed to make what he expected would be a brief stop in the South Bronx on the way home. Once they arrived, Mr. Chambers accompanied Mr. Gillespie on what he initially understood to be another errand, which entailed what turned out to be a prolonged drive to Washington Heights in a van with the other co-defendants in this case. It was only after Mr. Chambers got into the van that he realized the others intended to commit a robbery. Mr. Chambers did not agree to assist these men. He was not involved in planning or carrying out any aspect of the robbery—he was not a minor or minimal participant, but rather did not participate at all. His crime in this case was being in the wrong place at the wrong time, discovering illegal conduct as a result, and failing to immediately report that conduct.

### B.     Mr. Chambers' Personal History and Characteristics

Mr. Chambers had lived a law-abiding life until he committed the offense described above, and he has continued to do so since his release from the Metropolitan Detention Center in April, 2013. He has no prior history of arrests or convictions, and he has an extensive network of support from loving family and friends. Letters to Your Honor submitted by his family, attached as Exhibits 1-3 to this letter, portray Mr. Chambers as a caring and responsible person and a good role model.

As Your Honor will read in the PSR, Mr. Chambers was born on July 3, 1989 in Kingston, Jamaica. He was raised by his mother and received financial support from his father, who lives and works in the United States. Mr. Chambers enjoys close relationships with both of his parents. Mr. Chambers' father has been able to support his son in these difficult times by attending hearings in this case and agreeing to co-sign his bond. Mr. Chambers also has a close relationship with his six siblings, all of whom live nearby.

Mr. Chambers currently resides with his wife, Ebonique Williams-Chambers. The two have been married since August 9, 2010 and are expecting their first child early next year. Ms. Williams-Chambers' letter to Your Honor, attached as Exhibit 1, describes Mr. Chambers as a caring husband who shares a deep, loving relationship with his wife. Mr. Chambers' parents, siblings, and wife all form a support network that will assist him in continuing to live a productive and law-abiding life.

Since Mr. Chambers moved to the United States in 2009, he has worked consistently—first as a summer camp counselor, then as a maintenance worker in Co-op City in the Bronx. He lost the latter job when he was arrested for the offense for which he is being sentenced. After a diligent search, Mr. Chambers recently obtained a job as an electrical helper at the Static Electrical Corporation in the Bronx (where he worked briefly in 2011). His current employer describes Mr. Chambers as a "very reliable and hard working" employee. PSR ¶ 45. Mr. Chambers' employment history illustrates that he is a productive member of society and works hard to make a living and support himself and his family. His current job, and his employer's positive reviews of his performance, are a testament to Mr. Chambers' rehabilitation, and further imprisonment would serve only to impede his reintegration into society.

The conduct underlying his crime in this case was an error in judgment for which Mr. Chambers takes full responsibility. However, this wrongful conduct represents a single deviation in an otherwise honorable and scrupulous life.

### C. No Sentence Longer Than Time Served Is Necessary

A sentence of nine months would reflect the seriousness of Mr. Chambers' offense. *See* 18 U.S.C. § 3553(a)(2)(A). Mr. Chambers' offense was not violent and did not result in harm to any person or property. A sentence of nine months, which falls near the high-end of the advisory Guidelines range, adequately reflects the seriousness of Mr. Chambers' offense.

Such a sentence also accomplishes the other objectives of sentencing. A nine month sentence for Mr. Chambers' misprision constitutes an adequate deterrent against future criminal action. As described above, Mr. Chambers crime was an aberration by an otherwise upstanding person. No additional prison time is necessary to deter Mr. Chambers from future criminal conduct, nor to protect the public from such conduct. Prolonged incarceration also is not required for rehabilitation purposes—since his release, Mr. Chambers has succeeded in establishing himself as a productive member of society.

### II. Mr. Chambers Is Unable To Pay Any Fine

The PSR recommends that the Court not impose a fine on Mr. Chambers in this case. PSR at p. 16. We agree with that recommendation. Mr. Chambers is unable to pay any fine under Section 5E1.2 of the Guidelines Manual. Given that the guidelines are advisory, the question whether to impose a fine is within the Court's discretion. *United States v. Rattoballi*, 452 F.3d 127, 139 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85, 108 (2007). In determining whether to impose a fine, the Court must engage in an analysis similar to that employed

The Honorable Robert W. Sweet       4       December 2, 2013

in determining the appropriate term of imprisonment, and must consider the standards outlined in 18 U.S.C. §§ 3571 and 3572. *Id.*

Mr. Chambers' income is used to pay his and his wife's necessary living expenses, and will in the near future be used to support the child they are expecting. Their financial circumstances are such that Mr. Chambers is not currently able to pay any fine, and will not become able to pay a fine in the future. Moreover, Mr. Chambers has appointed counsel in this case, and the Guidelines recognize that appointment of counsel is a significant indicator of inability to pay a fine. U.S.S.G. § 5E1.2, cmt. 3. In light of Mr. Chambers' inability to pay a fine, and the recommendation of the PSR, we respectfully request that no fine be imposed under Section 5E1.2.

\* \* \*

Mr. Chambers deeply regrets his crime and accepts full responsibility for his actions. The nine months he has already served constitutes a sentence more than adequate to punish Mr. Chambers for his crime and deter future criminal acts. In consideration of the above, we request that you sentence Mr. Chambers to time served.

Please let us know if we may provide any additional information in advance of sentencing.

Respectfully submitted,

Helen V. Cantwell
Philip A. Fortino
Derek Wikstrom

cc:    AUSA P. Ian McGinley (by email)

Enclosures

# Exhibit 1

Ebonique Williams-Chambers
195 Buena Vista Avenue
Yonkers, NY 10701

November 15, 2013

The Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Dear Judge Robert W. Sweet:

I am Ebonique Williams-Chambers. I am writing today in regards of Kean Chambers. I want the Court to know the defendant as I know him, and not only as a defendant in a criminal matter. I am a well disciplined, honest, ambitious, young adult who is a student majoring in nursing and a part time worker. Other from my busy schedule, I am a full time committed wife to my dearest Kean.

I have known Kean since 2009. Since then, he has shown himself to be a warm hearted, caring, honest, compassionate, disciplined gentleman to many people including myself. There aren't enough words in one's mind to describe Kean's great characteristics. I have gotten to know my husband through meeting family, planning activities that allow us to spend quality time together such as movie night and bike hiking, making consistent contact with each other, having conversations about one's goals, future plans and means of life, and learning about his interests and opinions.

Kean is a very skillful person. He tries to fix the old and the new. He is someone who is capable of accomplishing anything. He is a hand on individual who enjoys making what is broken work again. He is very determined and loves to solve and conquer the perplexity of any job. This is why he is so great at his trade, electrical. Kean loves to cook especially with me. At the end of each month we would have a main dish and bake off competition against each other to see who has the sweetest fingers in the kitchen but, eventually as everyone knows I am always the ultimate cook-off winner. Kean loves the holidays because of the family gathering, the happiness and joy and the complex choice of food to eat. He is also a sports guy, soccer mainly.

In my eyes, what elevates Kean more than any other earthly thing is his ability to humble himself. Kean doesn't need to talk up who he is, because his life does that for him. He can put away the talk, because his humility is focused so much more on his walk. He is quick to listen, slow to speak and slow to become angry because he has put away his ignorance for the right to be selfless, loving and full of grace. Kean allows his heart to be moved and then allows his actions to follow his heart. He is

a man who strives for healing, restoration and resolution; a man who strives to right the wrongs around him and the wrongs within him.

In a couple of months, Kean will be a father. We are very excited for this upcoming event and cannot wait.

I am writing knowing that Mr. Chambers has pleaded guilty to one count of misprision of felony. I understand that justice must be served and punishment must be dispensed. I ask that the Court temper its decision, and that it be predicated not only on what Kean has been accused of, but also what he has done in the past to better his community, and the positive aspects of what he will do in the future.

Thank you.

*Ebony Will-Chambers* (signature)

Ebonique Williams-Chambers

# Exhibit 2

Case 1:12-cr-00671-RWS   Document 51   Filed 12/02/13   Page 9 of 14

11/18/2013   10:41 NYCF66                                          (FAX)2123482736              P.001/001

Lluidas Vale P.O,

Lluidas Vale Dist.

St Catherine.

J.W.I

November 6, 2013.

The Honorable Robert W. Sweet

United States District Judge

Southern District Of New York

500Pearl Street

New York, New York10007-1312

    I Liston Brown councilor and caretaker of the division of north west St Catherine do take this opportunity to speak of my nephew in law Kean Chambers. Having known Kean from his baby stage right through adolescence years he is respectable and disciplined youth. He grew up in a loving family home and he would visit my home where his cousins live. Kean have done his best through his school years but he have that nature for electrical, he choose to pursue a career right in that skilled area where he was successful.

He is never too busy to render assistance as long as he has the knowledge to what to be done. He is a quiet but loving person and he is a role model to younger youths as include my boys. Kean is a ambitious person and he always have interest in activities or groups that can motivate him and help to build his self esteem.

There were times when Kean would care for my children when I'm away and their mom is at work or on other occasion he amuses them, they are always elated when he come by. He would do the house chores and prepare food. He is always tidy and caring. Kean is highly respected in the community and is always up with some interesting stories with peers. He is always prepared for his games and delivers his best.

He participate in community youth clubs activities and he and the other youths and their leaders have great relationship, he is cooperative. Kean and I have a great relation even until now and I take all pleasure to speak highly about him. I appreciate any favorable concerns toward him.

*J. Brown*

Liston Brown.

# Exhibit 3

Barnes Pen

Lluidas Vale P.O,

St Catherine

J.W.I

November 5, 2013.

The Honorable Robert W. Sweet

United State District Judge

Southern District Of New York

500 Pearl Street

New York, New York 10007-1312

I am Carlis Gordon, Kean Chamber's aunt, I am a disciplined, honest, hardworking and self motivated female .I am a young thirty one year old adult and the mother of two lovely boys who are highly smart and achieve their yearly honors in school. I currently work as a sales clerk at a Shell Service Station here in Jamaica am enrolled in a institution since fall semester to further my academic studies and I'm also a young entrepreneur I am of a Christianity religion and I take time out to participate in church community activities such as clubs sessions, youth organization and this where we assist person in need and even volunteer in and around the community.

Kean has grown up in our home with me other siblings, along with grand and great grand parent from he was a baby. Kean has always been obedient.

Kean attended Pre School in the same little rural community we lived. After completing Pre School he further went on to a all age school in a neighboring community about three miles away from home where he would have to walk to and from everyday. He completed his six years of studies there and later moved on to Charlemont High School a traditional high school in the Linstead area of St. Catherine; he completed five years of academic studies there. Kean is more of a skilled person growing up, he always tries to fix old appliances and tried to tie wires together, he shows to us that he have a love for electrical. Immediately after high school he got enrolled in a The Lluidas Vale Vocational Training School certified by HEART TRUST NTA where he acquired two levels of Electrical Installation Studies.

During Kean's youth time right on he displayed nothing but good manners and behavior. He is quiet and respectable. Kean is always well groomed in his appearance; he is always neatly dressed and knows how to attire for different occasions. He is always willing to take on whatever task has been set for him to proceed and he takes time out to follow instructions. He would always tried his best to deliver a good and acceptable job.

Kean wished for nothing but success through out his life time. He is a motivator; he is a good role model to younger ones. He is always prepared for his community or other activities. Kean expressions to peers is nothing but caring and warmth, he shares a lot. Kean is loved. He is always be encouraged by older associates. It gives me all the pleasure to speak highly of his character he is an outstanding and appreciated citizen .I appreciates and thanks you for your favorable consideration.

Carlis Gordon.